*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1734-GHK (FMOx) | Date | April 5, 2012 |
|---|---|---|---|
| Title | *Wells Fargo Bank, N.A. v. Weston Clayton* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order Remanding Case**

On March 15, 2012, we issued an Order directing Defendant Weston Clayton ("Defendant") to show cause ("OSC") within twelve days why the above-captioned action should not be remanded to state court based on this Court's lack of subject matter jurisdiction. We noted that Defendant's Notice of Removal stated that we have federal question jurisdiction because in evicting him, Plaintiffs violated federal laws, such as the Truth in Lending Act and the Real Estate Settlement Procedures Act. We stated that, on its face, the Complaint only alleges a claim for unlawful detainer, which does not provide this Court with jurisdiction under the "well-pleaded complaint" rule. We further stated that federal jurisdiction cannot rest upon actual or anticipated federal defenses or counterclaims. We cautioned Defendant that failure to timely respond to our OSC would be deemed Defendant's admission that this Court lacks subject matter jurisdiction. The docket reflects that no such response has been timely filed. Pursuant to our OSC, Defendant is **DEEMED** to have admitted that we lack subject matter jurisdiction over this case. Accordingly, this case is hereby **REMANDED** to the state court from which it was removed.

**IT IS SO ORDERED.**

                                                                                                                        _____ : _____

Initials of Deputy Clerk     IR for Bea